```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

SALLY STEWART,

       Plaintiff

v.                                             Civil Action No. 2:09-126
                                                                           (lead case)

WEST VIRGINIA EMPLOYERS' MUTUAL
INSURANCE COMPANY, a West
Virginia corporation doing
business as BrickStreet Mutual
Insurance Company and BrickStreet
Administrative Services,

       Defendant

_____

BETTY MCGHEE,

       Plaintiff

v.                                             Civil Action No. 2:09-127

WEST VIRGINIA EMPLOYERS' MUTUAL
INSURANCE COMPANY, a West
Virginia corporation doing
business as BrickStreet Mutual
Insurance Company and BrickStreet
Administrative Services,

       Defendant

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is plaintiffs' motion to certify to the Fourth Circuit Court of Appeals the court's order of August 20, 2009, denying remand, filed August 28, 2009.

Title 28 U.S.C. § 1292(b) provides pertinently as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion <u>and that an immediate appeal from the order may materially advance the ultimate termination of the litigation</u>, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Federal Rule of Appellate Procedure 5(a)(3) provides pertinently as follows:

> If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order.

Fed. R. App. Proc. 5(a)(3). The court of appeals has observed that section 1292(b) "should be used sparingly . . . ." <u>Myles v. Laffitte</u>, 881 F.2d 125, 127 (4th Cir. 1989).

The movant contends the following issues present controlling questions of law upon which there are substantial grounds for difference of opinion:

1. Whether plaintiffs' claims are completely preempted when

>they are not seeking damages from BrickStreet's ERISA plan, but are instead asserting state tort law violations; and
>
>2. Whether conflicting Fourth Circuit Court of Appeals caselaw with respect to ERISA jurisdiction present significant legal issues that should be resolved by the appellate court before the instant case proceeds.

Development of discovery in this case demonstrated that plaintiffs are not only seeking damages pursuant to state law violations, but also plan benefits pursuant to ERISA sections 514(a) and 502(a). (<u>Stewart v. W.Va. Employers' Mut. Ins. Co.</u>, No. 2:09-126 (S.D. W.Va. Aug. 20, 2009) (order denying remand). In their motion to certify, plaintiffs assert that, contrary to this court's previous opinion, they are not seeking damages from BrickStreet's ERISA plan through their state claims. (Mot. Certify 2). However, as this court has already discussed, plaintiffs' answers to interrogatories plainly assert that they are entitled to recovery specifically measured by BrickStreet's benefits scheme, and thus plaintiffs' claims are completely preempted.

Plaintiffs argue that the authority relied upon by the court in its opinion denying remand is at odds with other controlling authority. (Mot. Certify 2). Plaintiffs have not

explained this conflict and the court is not satisfied that the caselaw plaintiffs cite create a substantial ground for difference of opinion with respect to the facts of the instant case.

It is clear to the court that a certification of issues here, requiring further factual and legal development, would not "materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). Section 1292(b) is best suited for use in a dispute that involves "a narrow question of pure law whose resolution will be completely dispositive . . . ." Difelice v. U.S. Airways, Inc., 404 F. Supp.2d 907, 908 (E.D. Va. 2005)(quoting Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *5 (4th Cir. 1989) (unpublished)); see also Charles A. Wright et al., 16 Fed. Prac. & Proc. § 3930 and cases cited at ns.26-27 (Elec. Ed. 2007)("The statutory language naturally suggests an opposition between a question of law and 'a question of fact or matter for the discretion of the trial court.' There is indeed no reason to suppose that interlocutory appeals are to be certified for the purpose of inflicting upon courts of appeals an unaccustomed and ill-suited role as factfinders. Even when the question is the supposed question of law whether there are any genuine issues of material fact that preclude summary

judgment, ordinarily it seems better to keep courts of appeals aloof from interlocutory embroilment with the factual content of the record."). The present dispute does not fit the model contemplated by section 1292(b).

The court, accordingly, ORDERS that the motion for certification be, and it hereby is, denied.

It is further ORDERED that the stay in the above styled action be, and it hereby is, lifted.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: March 29, 2010

　　　　　　　　　　　　　　　　　　/s/ John T. Copenhaver, Jr.
　　　　　　　　　　　　　　　　　　John T. Copenhaver, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge

5